The appellant, Robert Gainey, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 21 years in prison.
The state's evidence tended to show that on the night of February 8, 1993, Nathan Camp was robbed. About 10:30 p.m. Ernestine Camp, Camp's wife, saw five black men in the front yard of the Camps' house trailer. She testified that two of the men approached the front door while the other three went around to the side or back of the trailer. When one of the men knocked and then started beating on the door, Mr. Camp asked, "What do you want?" One of the men told him that his car had broken down and asked if he could use his telephone.
Nathan Camp testified that through a window in the door he saw one black man dressed in a shirt with blue and white horizontal stripes. After Mr. Camp opened the door a man with a ski mask over his face entered the house and put a gun to Camp's head. Camp pulled his wallet out and began to get down on the floor as instructed.
At this point, Mrs. Camp entered the room and shot at the men twice. She shot at them three more times as they ran away from the trailer. She testified that one of the men was wearing a shirt with blue or black and white stripes.
William Stevenson, a deputy sheriff with the Talladega County Sheriff's Office responded *Page 38 
to the call at the Camp residence. After speaking with Mr. Camp, Stevenson drove north on Jennifer Road. About one-half mile from the Camp residence he spotted five black males walking in the middle of the road. When he stopped to talk with them, one of them ran into the woods. He then took the appellant and the three remaining men into custody.
Mike McBurnett, an investigator with the Talladega County Sheriff's Department, read into evidence a statement made by the appellant. The appellant's statement said that he was wearing a blue and white striped shirt on the night that he and four other men went to Talladega County. He said one of the men knew where they could "get some guns" in Talladega County. The appellant and one of the men went to the front porch of the Camp trailer and gained entry by telling Mr. Camp that they needed to use the telephone. When Mr. Camp opened the door the appellant's companion pulled a gun out of his coat and rushed Mr. Camp and told him to get down. The appellant and his companion ran out of the house when they heard gunshots.
 I
The appellant contends that the trial court erred in denying his motion to exclude the state's evidence or in the alternative for a judgment of acquittal because, he says, the state failed to establish a prima facie case of robbery in the first degree. Section 13A-8-41, Code of Alabama 1975, provides, in pertinent part:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
[threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property] and he:
 "(1) Is armed with a deadly weapon or dangerous instrument."
The appellant contends that the state did not prove a prima facie case of robbery in the first degree because, he says, no one identified him as one of the robbers and the state failed to produce a "deadly weapon." The evidence at trial, including the appellant's confession, justified the jury's conclusion that a gun was used and that he was one of the five men involved in the robbery of Nathan Camp.
The appellant also contends that the state failed to prove that Nathan Camp was deprived of any property.
 " ' "The present robbery statutes, however, do not require a 'taking' of property, Marvin v. State, 407 So.2d 576 (Ala.Cr.App. 1981); Ala. Code §§ 13A-8-40 through 13A-8-44 (1975) (Commentary), so that not only is the value of the property immaterial, but also the indictment need not allege an actual theft to constitute the offense. The operative words of the current robbery statute are 'in the course of committing a theft,' which includes an attempted theft, Marvin v. State, supra, rather than the common law element of an actual 'taking from the person.' " ' "
Acres v. State, 548 So.2d 459, 463 (Ala.Cr.App. 1987), quotingSeawright v. State, 479 So.2d 1362, 1367-68 (Ala.Cr.App. 1985). (Emphasis added in Acres.)
The state proved a prima facie case of robbery in the first degree.
 II
The appellant also argues that the state failed to prove the corpus delicti of the crime independently of the appellant's confession.
The corpus delicti consists of two elements: "(1) That a certain result has been produced, . . . and (2) that some person is criminally responsible for the act." C. Gamble,McElroy's Alabama Evidence, § 304.01 (4th ed. 1991). The testimony of Nathan and Ernestine Camp as set forth above supplied evidence of the corpus delicti of robbery. "[C]orpus delicti does not mean or include the guilty agency of the accused in the commission of the alleged crime for which he is being tried." McElroy's § 304.01.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 39